UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

      Plaintiff,

vs.

TONY STOCKTON, et al.

      Defendants.

_____/

Civil Action No.
05-CV-74083-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) (DKT. NO. 37)

This matter is presently before the Court on Plaintiff's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Anthony Wilson ("Plaintiff") had alleged that Tony Stockton and Stockton Properties ("Defendants") did not hire Plaintiff because Plaintiff is black. Defendants denied any racial discrimination. On September 18, 2006, the Court granted Defendants' Motion to Dismiss and for Sanctions, and denied Plaintiff's Motion to Suppress Deposition Testimony. On October 5, 2006, Plaintiff filed his Motion for Relief from Judgment.

The Court has had an opportunity to review the Motion and relevant documents. Pursuant to Eastern District of Michigan Local Rule 59.1, the Court shall decide the motion without oral argument. The Court will deny Plaintiff's Motion for Relief from Judgment.

## I.    MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).  Here, Plaintiff argues for relief based on his allegations of Defendants' misrepresentations and fraudulent conduct, as well as his own inadvertence and mistake.

First, Plaintiff contends that Defendants deceived the Court by stating, in their Motion for Summary Judgment, that the applicant whom they eventually hired—Ivah Walker ("Walker")—had "12 plus years of actual work experience performing the duties required by the position of Property Management."  (Pl.'s Br. Supp. Mot. for Relief from J., 10-12.)  Plaintiff asserts that Walker's application and resume, which is attached as an exhibit to Defendants' Motion for Summary Judgment, shows that Walker had only six years and eleven months of property-management experience.  (Id. at 11-12.)  As Defendants' Motion for Summary Judgment was filed after Plaintiff had responded to Defendants' Motion to Dismiss, Plaintiff argues that this newly discovered evidence demonstrates fraud and helps prove that Defendants racially discriminated against Plaintiff.

The Court not only disagrees with Plaintiff, but it also questions his math skills.  The Court has reviewed Walker's application and resume.  The resume clearly shows that Walker's experience adds up to more than 12 years, as she was engaged in the field of property-management from the early 1990s until the time of her application in 2005.  (Id. Ex. 6.)  Therefore, the Court finds that Defendants were correct when they stated that Walker "had over 12 years of work experience in the

field of property management." (Defs.' Br. Supp. Mot. for Summ. J., 7.) As such, the Court finds that Plaintiff's assertion of fraud is without merit.

Next, Plaintiff contends that he requested, but never received, a copy of the deposition transcript. For the reasons stated in the Court's Order granting Defendants' Motion to Dismiss and for Sanctions, the Court again finds that Plaintiff's contentions are baseless.

Lastly, Plaintiff states that his own financial misrepresentations to the Court were the result of mistake and inadvertent omission. For the reasons explained in the Court's Order granting Defendants' Motion to Dismiss and for Sanctions, the Court again finds that Plaintiff's actions are inexcusable. Furthermore, the Court believes that the payment of reasonable attorney fees and costs are not disproportionate sanctions. Plaintiff is a licensed attorney who has repeatedly made false statements, repeatedly made financial misrepresentations, and repeatedly filed unsubstantiated complaints. As such, the Court finds that the sanctions are appropriate.

## II.    CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment is denied.


 s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 6, 2006
        Detroit, Michigan

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**


**_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
    Secretary to Chief Judge Friedman**